UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>H.A. RIOS, JR., et al.,<br><br>    Defendants.<br>_____/ | CASE NO.   1:10-cv-1554-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>(ECF Nos. 17)<br><br>OBJECTIONS (IF ANY) DUE 12/1/2010 |

**I.    BACKGROUND**

Plaintiff Nathan Smith ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff initiated this action by filing a complaint in this Court on August 9, 2010. (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will order the United States Marshall

to serve Plaintiff's Complaint if, and only if, it determines that Plaintiff has stated a cognizable claim.

The Court has yet to screen Plaintiff's Complaint to determine whether it states a claim upon which relief could be granted. As such, no Defendants have been served or have appeared in this case. With this procedural background in mind, the Court addresses Plaintiff's pending motions.

## II.     MOTION FOR SUMMARY JUDGMENT

Plaintiff has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 17.) Rule 56 contemplates that, prior to filing a motion for summary judgment, the opposing party should have a sufficient opportunity to discover information essential to its position. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In other words, the case must be sufficiently advanced in terms of pretrial discovery for the summary judgment target to know what evidence likely can be mustered and be afforded a reasonable opportunity to present such evidence. Portsmouth Square, Inc., v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir.1985). Until such time as Defendants have entered an appearance and had the opportunity to conduct discovery, Plaintiff's motion is premature. Once Defendants have filed an answer, a discovery order will be entered, and a deadline for the filing of dispositive motions will be set.

Accordingly, the Court hereby RECOMMENDS that Plaintiff's Motion for Summary Judgment be DENIED without prejudice.

## III.    PRELIMINARY INJUNCTION

Plaintiff has filed a Motion for Preliminary Injunction. (ECF No. 17.) Though it is difficult for the Court to discern what relief Plaintiff seeks, he appears to ask for access to the law library and for the Court to order the prison to adjust his security level.

Plaintiff's Complaint in this case alleges that Defendants opened Plaintiff's legal mail outside of his presence and jeopardized his personal safety. (ECF No. 1.) Because the Court only has jurisdiction over the operative claims in the Complaint, it lacks the ability to provide the relief Plaintiff seeks in the injunction. City of Los Angeles v. Lyons, 461 U.S.

95, 102 (1983); <u>Jones v. City of Los Angeles</u>, 444 F.3d 1118, 1126 (9th Cir. 2006).  Any orders relating to law library access or Plaintiff's security level would not remedy the wrong alleged in the Complaint.

Accordingly, the Court hereby RECOMMENDS that Plaintiff's Motion for Preliminary Injunction be DENIED without prejudice.

**IV.  CONCLUSION**

For the reasons stated above, the Court RECOMMENDS:

1. Plaintiff's Motion for Summary Judgment (ECF No. 17) be DENIED;

2. Plaintiff's Motion for Preliminary Injunction (ECF No. 17) be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  The Plaintiff may file written objections with the Court not later than **December 1, 2010**.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Y1st</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 30, 2010                    /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE