UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>H.A. RIOS, JR., et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | CASE NO.　1:10-cv-1554-AWI-MJS (PC)<br><br>ORDER DENYING MISCELLANEOUS MOTIONS<br><br>(ECF Nos. 17, 20 & 22) |

**I.　BACKGROUND**

Plaintiff Nathan Smith ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff initiated this action by filing a complaint in this Court on August 9, 2010. (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will order the United States Marshall

to serve Plaintiff's Complaint if, and only if, it determines that Plaintiff has stated a cognizable claim.

The Court has yet to screen Plaintiff's Complaint to determine if it states a claim upon which relief could be granted.  No Defendants have been served or have appeared in this case.  With this procedural background in mind, the Court  addresses Plaintiff's pending motions.

## II.      MOTION FOR DISQUALIFICATION OF IMMUNITY

Plaintiff has moved the Court to disqualify Defendants from asserting the defense of qualified immunity. (ECF No. 17.)  Qualified immunity is an affirmative defense that must be pled by a defendant. See Gomez v. Toledo, 446 U.S. 635, 640 (1980); Fed. R. Civ. P. 8(c). Since no defendant has appeared in this case. there has been no opportunity for anyone to assert the defense of qualified immunity. Plaintiff's motion is premature. Accordingly, Plaintiff's Motion for Disqualification of Immunity is DENIED.

## III.     MOTION FOR 7TH AMENDMENT RIGHT TO TRIAL BY JURY

Plaintiff has moved the Court "to GRANT his request for trial by jury." (ECF No. 17.) The Court notes that Plaintiff previously invoked his right to trial by jury in his Complaint. (ECF No. 1.)  If the Court finds that Plaintiff has stated a claim for which there is a right to a jury trial, then Plaintiff's request will be self-executing. Accordingly, Plaintiff's Motion for 7th Amendment Right to Trial by Jury is DENIED because it is redundant.

## IV.     MOTION TO INTRODUCE DOCUMENTS PROVING EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff has moved the Court to allow him to submit documents proving that he exhausted (or attempted to exhaust) his administrative remedies prior to filing this action.  (ECF No. 20.)  However, exhaustion is an affirmative defense, and "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199 (2007).  Because no defendant has appeared in this action,  evidence proving exhaustion is premature.  If defendants assert that Plaintiff failed to exhaust his administrative remedies, Plaintiff may be free to admit his evidence at that time.

Accordingly, Plaintiff's Motion to Introduce Document Proving Exhaustion of Administrative Remedies is DENIED without prejudice.

## V. MOTION TO NOTIFY ALL PARTIES OF WILLINGNESS AND AVAILABILITY FOR RULE 26(f) CONFERENCE

Plaintiff asks the Court to direct Defendants to promptly contact USP-Atwater to arrange a discovery conference, as required by Rule 26(f).

Actions brought by a prisoner in the custody of the United States, such as the Plaintiff in this action, are exempt from Rule 26(f). See Fed. R. Civ. P. 26(a)(1)(B), (f). If, after screening the Complaint, the Court finds that Plaintiff has stated a claim upon which relief can be granted, the Court will issue a discovery and scheduling order that will dictate how discovery is to be conducted in this case. Until such time, Plaintiff need not concern himself with any discovery obligations.

Accordingly, Plaintiff's Motion to Notify all Parties of Willingness and Availability for Rule 26(f) Conference is DENIED.

## VI. CONCLUSION

For the reasons stated above, the Court ORDERS the following:

1. Plaintiff's Motion for Disqualification of Immunity (ECF No. 17) is DENIED as untimely;
2. Plaintiff's Motion for 7th Amendment Right to Trial by Jury (ECF No. 17) is DENIED as redundant;
3. Plaintiff's Motion to Introduce Documents Proving Exhaustion (ECF No. 20) is DENIED as premature; and
4. Plaintiff's Motion to Notify All Parties of Willingness and Availability for Rule 26(f) Conference is DENIED.

IT IS SO ORDERED.

Dated:   October 30, 2010         /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE