UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NATHAN SMITH, | ) | CASE NO.   1:10-cv-01554-AWI-MJS (PC) |
| Plaintiff, | ) ) | ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |
| v. | ) ) | (ECF No. 1) |
| H. A. RIOS, JR., et al., | ) ) | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | ) ) | |
| _____/ | | |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Nathan Smith, a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on August 9, 2010, pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for the violation of civil rights by federal actors. (ECF No. 1.) On March 28, 2011, Plaintiff filed a Motion to Voluntarily Dismiss Eric H. Holder, Jr. as a defendant in this action. (ECF No. 33.)  The Court granted Plaintiff's motion.  (ECF No. 34.)  Plaintiff's Complaint is now

1

before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. SUMMARY OF COMPLAINT

Plaintiff has identified H.A. Rios, Jr., Warden, United States Penitentiary, Atwater ("Atwater") as the sole remaining Defendant in this action.

Plaintiff alleges the following:

On June 18, 2010, Plaintiff was sent a package of legal materials related to the rape of Plaintiff in prison. "The outside of the envelope clearly met every prerequisite of the [Bureau of Prisons] to be handled as legal mail." (Compl. at 3.) Nevertheless, Warden Rios allowed the envelope in question to be opened outside of Plaintiff's presence and the contents divulged to the inmate population. (Id.) Plaintiff filed an inmate appeal complaining of the handling of his legal mail. (Id. at 3, 6.) An investigation determined that the envelope at issue was not properly identified as legal mail. Plaintiff was invited to

appeal Warden Rios' determination. (Id. at 7.)

As a result of the inmate population having learned of Plaintiff's rape, he has been the target of harassment. Plaintiff now fears for his life because the divulged information suggests that Plaintiff is a homosexual. (Id. at 4.)

## IV.   ANALYSIS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### A.   Bivens Linkage Requirement

Plaintiff must allege facts showing how the individually named defendants caused or personally participated in causing the constitutional harm alleged in the amended complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981): see also Samuel v. Michaud, 980 F.Supp. 1381, 1396 (D. Idaho March 7, 1996) ("A person deprives another of a constitutional right, within the meaning of Bivens, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation complained of") (citing Leer v. Murphy, 844 F.2d

628, 633 (9th Cir. 1988).  A defendant cannot be held liable solely on the basis of supervisory responsibility or position.  <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 694 n. 58 (1978); <u>see</u> <u>also</u> <u>Padway v. Palches</u>, 665 F.2d 965, 968 (9th Cir. 1982); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1018 (9th Cir. 1990) (respondeat superior theory of liability inapplicable to <u>Bivens</u> actions).

Plaintiff alleges that Warden Rios allowed the alleged First and Eighth Amendment violations to occur.  Plaintiff does not identify a specific act or omission on the part of Rios connecting him to the alleged violations.  Instead, it appears as though Rios is named as a defendant solely because of his role as the Warden at and supervisor of Atwater.  As noted, supervisorial responsibility over a wrongdoer is not sufficient to allege a constitutional violation by the supervisor.  Plaintiff has failed to state a claim against Warden Rios.

The Court will give Plaintiff leave to amend to try to undertake to state a claim against Defendant Rios if he believes the facts support such a claim under the law summarized above.  To do so Plaintiff must set forth sufficient truthful facts to show that Rios <u>personally</u> took some action that violated Plaintiff's constitutional rights.  The mere fact that the Defendant is the chief authority at Atwater is not enough.

The Complaint alleges violations of Plaintiff's rights under the First and Eighth Amendments. Because Plaintiff has not linked the sole Defendant to the alleged violations, the Court cannot determine whether Plaintiff's has stated a cognizable claim for the violation of his constitutional rights.  Should Plaintiff chose to amend his claims, the Court provides the applicable legal criteria  below.

**B.**     **First Amendment**

4

Prisoners have a First Amendment right to send and receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir.1995) (per curiam). Prison officials may intercept and censor outgoing mail concerning escape plans, proposed criminal activity, or encoded messages. See Procunier v. Martinez, 416 U.S. 396, 413 (1974); see also Witherow, 52 F.3d at 266. Based on security concerns, officials may also prohibit correspondence between inmates. See Turner v. Safley, 482 U.S. 78, 93 (1987). Prison officials may not, however, review outgoing legal mail for legal sufficiency before sending them to the court. See Ex Parte Hull, 312 U.S. 546, 549 (1941). Incoming mail from the courts, as opposed to mail from the prisoner's attorney, for example, is not considered "legal mail." See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).

Specific restrictions on prisoner legal mail have been approved by the Supreme Court and Ninth Circuit. For example, prison officials may require that mail from attorneys be identified as such and open such mail in the presence of the prisoner for visual inspection. See Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981). Whether legal mail may be opened outside the inmate's presence, however, is an open question in the Ninth Circuit. At least three other circuits have concluded that legal mail may not be opened outside the inmate's presence. See id. (citing Taylor v. Sterrett, 532 F.2d 462 (5th Cir. 1976), Back v. Illinois, 504 F.2d 1100 (7th Cir. 1974) (per curiam), and Smith v. Robbins, 452 F.2d 696 (1st Cir. 1972)); see also Samonte v. Maglinti, 2007 WL 1963697 (D. Hawai'i July 3, 2007) (recognizing open question). The Ninth Circuit has, however, held that an inadvertent opening of an inmate's legal mail constitutes mere negligence and does not rise to the level

5

of an constitutional rights violation cognizable under section 1983. Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989).

### C. Eighth Amendment

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. Farmer v. Brennan, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton, id. (citing Wilson, 501 U.S. at 297).

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In some circumstances, a prison official may create a serious risk of irreparable harm, and thus violate the Eighth Amendment, by giving other inmates reason to believe that a particular inmate is a homosexual. Radillo v. Lunes, 2008 WL 4209824, *2 (E.D. Cal. Sept. 8, 2008); see also Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody). However, "speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm."

Williams v. Wood, 223 Fed.Appx. 670, 671, 2007 WL 654223, *1 (9th Cir. 2007).

## V.    CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief.  The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).  Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights.  Arnold, 637 F.2d at 1355.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a).  Although accepted as

7

true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) the form complaint for use in a Bivens civil rights action and (2) a copy of his Complaint, filed August 9, 2010;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   December 1, 2011          /s/ *Michael J. Seng*
ci4d6                              UNITED STATES MAGISTRATE JUDGE