# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>H.A. RIOS, JR, et al.<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv-1554–AWI-MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF No. 37)<br><br>PLAINTIFF MUST FILE AMENDED COMPLAINT BY FEBRUARY 27, 2012 |

    Plaintiff Nathan Smith ("Plaintiff"), a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on August 9, 2010, pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for the violation of civil rights by federal actors.

    The Court screened Plaintiff's Complaint on December 2, 2011, found that it failed to state a cognizable claim, and gave Plaintiff leave to file an amended complaint. (ECF No. 37.) Plaintiff was to file his amended complaint by January 3, 2012. (<u>Id.</u>) The January 3, 2012 deadline has passed, and Plaintiff has not filed an amended complaint or a request for an extension.

    Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent

1 power to control their dockets and "in the exercise of that power, they may impose
2 sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing
3 Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's
4 failure to prosecute an action, failure to obey a court order, or failure to comply with local
5 rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for
6 noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)
7 (dismissal for failure to comply with an order requiring amendment of complaint);
8 Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
9 prosecution and failure to comply with local rules).

10   Plaintiff has not responded to the Court's December 2, 2011 Order, even though the
11 January 4, 2012 deadline contained in the Order has passed. (ECF No. 37.) Accordingly,
12 Plaintiff shall file an amended complaint no later than **February 27, 2012,** or show cause
13 as to why his case should not be dismissed for failure to comply with a Court order and
14 failure to state a claim.  Plaintiff is hereby on notice that failure to meet this deadline will
15 result in dismissal of this action.

17 IT IS SO ORDERED.
18 Dated:   January 21, 2012    /s/ *Michael J. Seng*
               UNITED STATES MAGISTRATE JUDGE