UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN SMITH,<br><br>        Plaintiff,<br><br>   v.<br><br>H. A. RIOS, JR., et al.,<br><br>        Defendants.<br>_____/ | CASE NO.   1:10-cv-01554-AWI-MJS (PC)<br><br>ORDER RECOMMENDING DISMISSAL WITH PREJUDICE<br><br>(ECF No. 40)<br><br>PLAINTIFF'S OBJECTIONS, IF ANY, DUE IN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

Plaintiff Nathan Smith, a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on August 9, 2010, pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for the violation of civil rights by federal actors. (ECF No. 1.)  On March 28, 2011, Plaintiff filed a Motion to Voluntarily Dismiss Eric H. Holder, Jr. as a defendant in this action. (ECF No. 33.)  The Court granted Plaintiff's motion. (ECF No. 34.)  Plaintiff's Complaint (ECF No.

1) was screened and dismissed on December 2, 2011, with leave to amend, for failure to state a cognizable claim. (ECF No. 37.) Plaintiff's First Amended Complaint (ECF No. 40) is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. SUMMARY OF FIRST AMENDED COMPLAINT

H.A. Rios, Jr., Warden, United States Penitentiary, Atwater ("Atwater") is the sole Defendant in this action. Plaintiff alleges the following:

On June 22, 2010, a letter complying with every prerequisite necessary to be treated as legal mail arrived at Atwater. The letter was processed through the regular mail system and was "mistakenly delivered to the wrong [inmate]." (Compl. at 1, 2.) The letter discussed a sexual assault. The fact that Plaintiff had been involved in a sexual assault became known throughout the inmate population and, as a result, "Plaintiff suffered threats, embarrassment, lost sense of well-being, taunting, forced solitary confinement

and a host of other fallout that eventually resulted in a broken right thumb." (Id. at 2.)

Warden Tamyra Jarvis authorized Plaintiff to be placed in full restraints for ten days because Plaintiff refused a cellmate. Plaintiff had an epileptic seizure on December 15, 2011, while he was in restraints and broke his "right cmc joint." (Id.)

"Warden H.A. Rios, Jr. has overseen and witnessed the entirety of this error and still will not admit that his staff was wrong." (Id. at 3.)

## IV.   ANALYSIS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

Warden Rios remains the only Defendant named in this action. Aside from being listed in the caption of the amended complaint, Plaintiff only names Rios once. Plaintiff alleges that the Warden was aware of the mail error and refused to admit his staff was wrong. (Compl. at 3.) The Court's previous screening order instructed Plaintiff that in order to sate a cognizable claim he must allege facts showing how the individually named defendants caused or personally participated in causing the constitutional harm alleged in the amended complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981): see also

Samuel v. Michaud, 980 F.Supp. 1381, 1396 (D. Idaho March 7, 1996) ("A person deprives another of a constitutional right, within the meaning of Bivens, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation complained of") (citing Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

The sole allegation that Warden Rios "witnessed the [mail] error" is conclusory and insufficient to state a cognizable claim.  The only reasonable conclusion the Court can come to is that Defendant is sued solely because of his position as Warden of the prison where Plaintiff was wronged.  Plaintiff was previously instructed that a defendant cannot be held liable solely on the basis of supervisory responsibility or position.  Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n. 58 (1978); see also Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982); Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1990) (respondeat superior theory of liability inapplicable to Bivens actions).

Plaintiff has failed to link the alleged violations with any individual.  The Court previously notified Plaintiff of the deficiency in his pleadings and provided him with an opportunity to amend.  Because Plaintiff appears unable to correct the shortfalls in his claim, dismissal without leave to amend is appropriate.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The allegation that Plaintiff was placed in full restraints and broke a joint while experiencing a seizure has been added to the pleading inappropriately. Plaintiff was told that he was given leave to  amend  for the purpose of correcting deficiencies identified in the screening order and not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

4

## IV. CONCLUSION AND RECOMMENDATION

Plaintiff's First Amended Complaint does not state a cognizable claim against the named Defendants.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action be dismissed with prejudice for failure to state a claim pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(I).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    February 12, 2012         /s/ *Michael J. Seng*
ci4d6                               UNITED STATES MAGISTRATE JUDGE